Our next case is Davis v. McDonough, Appeal No. 22-1247. Mr. Dukakis, when you were ready, did I say your name correctly? Yes, you did, Your Honor. Thank you, and may it please the Court. And on behalf of Mr. Davis, I want to thank this Court for hearing his appeal. So, although the issue in Davis is obviously forefront in the prior case, I think that the ruling in Davis is a slightly simpler error that was made by the Court. The Veterans Court committed three errors, but I think that the first error is the most important, in that it ignored 19.31b, which is binding on the VA, when it held that a rating decision can finalize a claim after an appeal has been initiated. The regulation says, the agency of original jurisdiction will furnish the appellant and his or her representative a supplemental statement of the case if, and under b)(1), the agency of original jurisdiction receives additional pertinent evidence after a statement of the case, but before it is certified to the Board. This is what happened in this case. The Veterans Court, in our case, assumed that Mr. Davis was correct in his initial allegation of error to the Veterans Court, but the evidence submitted was new and material. New and material evidence should be read as at least being pertinent to the evidence, should be read to be at least pertinent evidence, which triggered the obligation of a supplemental statement of the case. Counsel, do you agree that your arguments based on 3.156c would seek the same effective date as your arguments based on 3.156b? It could, Your Honor. The problem with that... Could that be a yes or no answer as opposed to could? Could you maybe... Well, yes, Your Honor. Yes, but the problem is that before 3.156c can apply, there must be a final decision, and we don't know if there's a final decision until we know whether 3.156b and 19.31b were properly applied by the Veterans Court. So if there was still a pending claim, either because a supplemental statement of the case wasn't given, because the other regulations dictate that until that supplemental statement of the case is given, the time to file the substantive appeal and complete the appeal to the board does not start to run, or if 3.156... Your Honor. Excuse me. Still, for the moment, we said that we don't have jurisdiction because of the fact that it's an interim decision. In other words, we said the third prong of Williams wasn't met, and it goes back. And what you would be doing, you'd be arguing 3.156c issue before the board, correct? Yes, Your Honor. Would you be conceding before the board that you couldn't prevail because there hadn't been a decision in the 3.156b issue? I mean, the way you were just saying now, you would concede. I can't believe you'd concede before the board that you couldn't... Oh, absolutely not, Your Honor. But if this court were to affirm the Davis ruling and that incorrect reading of 3.156b in bond, then we would really be left with nothing. And so the issue of whether... You'd be left with 1.56c. Well, yes, Your Honor. That is true. Yes. And concededly, that would offer the potential for the earlier effective date to the 2001 claim. But again, we emphasize that we cannot apply 3.156c unless there is a final claim. And if the claim is not final, either because of the misapplication of 19.31 or 3.156b, then there is no final decision, and the new service records would not be reviewed under 3.156c, but under 5107b, where they're the board considers the entire record. And so the veterans court held that it doesn't matter what the title is on the document so long as they send some information. But as we outlined in our brief, the notice that comes in a statement of the case or a supplemental statement of the case informs the veteran what they can appeal to the board. And there's a line of precedent, and the regulations themselves say that the time to submit the substantive appeal cannot begin to run until that statement of the case or the supplemental statement of the case has been given to the veteran. Are you elevating form over substance when you're saying it has to have that statement of the case or supplemental statement of the case? No, Your Honor, because the regulation says that the agency of original jurisdiction will furnish the appellant a supplemental statement of the case. It doesn't say it may. It doesn't say it will furnish some response. It says very specifically that it will furnish the supplemental statement of the case when pertinent evidence is received between the time of the statement of the case and the time to complete the appeal, which occurred in this decision. The original rating decision was rendered in December, and in May the following year, and again in October, November, depending on how the Veterans Court kind of labeled it all as October, of the following year, well within the 12 months, this additional evidence was received. The statement of the case was given in October, and within a few weeks of that statement of the case, the second batch of what the Veterans Court assumed was new and material evidence You're saying the new material evidence would be the evidence with respect to lupus? Yes, Your Honor. Now, I could be wrong, but I think Ms. Ackers is going to say that, well, no, wait a minute, they couldn't use a supplemental statement of the case because this was material different from what was involved in the case before, and that knocks out a supplemental statement of the case because a supplemental statement of the case can't be used for that. Maybe I'm wrong, but I think that's what the government's argument is. But my response to that is that the Veterans Court assumed that it was new and material, and it cannot be new and material unless it's related, unless it's material to the then pending claim because the definition under 3156 says that it's material to the prior pending claim. And so that's the assumption that we're working on from the Veterans Court. They did not touch or reach the issue of whether it is new and material. They assumed that it was, and with that assumption, we have to then treat it as at least pertinent evidence under the regulation 19.31. Now, if it goes back and they determine, no, it's not material and it is not pertinent, then we have a factual matter that is better left to the board or the court. And I would point out, too, that the board never really reached that issue at all, and the Veterans Court is making assumptions and using the harmless error rubric to foreclose or close this appeal. But again, we emphasize that the supplemental statement of the case cannot be replaced by a new decision when the regulation is mandatory, will furnish. Can you address the jurisdictional issue under Williams in particular? Yes, Your Honor. So from my reading of the government's brief, they disputed only the third element in that it would not be mooted on remand. But I turn back to the issue that in order to have an application of 3156C, there has to be a final decision. And we don't know whether there's a final decision until we know whether the Veterans Court properly applied. But the Veterans Court has said there's a final decision, right? They did, Your Honor. But if that rests on an incorrect application or an incorrect interpretation of the regulation… But you agree that the 3.156C decision could be reached on the assumption that it is final or on the understanding that it's final, at least as determined by the Veterans Court, and therefore there can be a determination, no doubt. You just don't know whether eventually that decision might be altered. I think that's correct, Your Honor. I would agree with that. But I would point to the language in Joyce v. Nicholson, which was cited by the government, and I'm looking on page 849 of that. And it's just after they pull the quote from Williams, and they say the sole exception is where the remand action itself would independently violate the rights of the veteran. And we believe that the regulation 3.156B, as Mr. Carpenter argued just in the prior case, gives a substantive right to a determination that is responsive to the evidence that tells the veteran not only whether it is a new claim. If we'll recall, in Bond, the R.O. treated it as a new claim. The R.O. responded to the evidence and said, I don't remember what the outcome was, but this is our response to your request for a new claim. And this court said, and this is 1367-68 in Bond, the obligation persists even where, as here, the R.O. has concluded that the submission in question also supports a new claim for an increased rating, for neither law nor logic dictates that evidence supporting a new claim cannot also constitute new and material evidence relating to a pending claim. What about the statement in Joyce that even if two separate claims are involved, Joyce's asserted separate claims are inextricably intertwined because both claim compensation for the same disability? Isn't that the case here? To be honest, Your Honor, I really struggled with that particular passage out of Joyce. But, again, I would point back to the language that I quoted from there that where the remand action would violate a right of the veteran, and here again we believe a substantive right is given to the veteran under 3156B that cannot be overshadowed or overlooked simply because another portion of that regulation may apply. Mr. Davis is entitled to a determination under 3156B. He has not gotten that yet. The board said it wasn't new and material. The Veterans Court assumed it was but still didn't tell him whether it is. And now we're here before this court without having been told for now over 10 years whether that evidence is or is not new and material, which Bond says 3156B requires. Okay. You're into your rebuttal time. Would you like to stop here? I'll save the rest of it in response to the government. Thank you, Your Honor. Okay. Ms. Savers? May it please the Court. I'll start on the jurisdictional issue and why the Court shouldn't even reach the merits of this appeal, and it's under this Court's strict interpretation of the final judgment rule. This Court generally does not take jurisdiction over cases that have a non-final remand order, and that's exactly the circumstances that we have here. As Your Honor noted, we have a remand under 3.156C. It's based on the lupus assertion, so the same disability. It's seeking the same benefit, and so the veteran here could receive all of the benefits that he's seeking on appeal at the board that's currently on remand. The reason that we have this final judgment rule is for cases just like this, so the veteran doesn't have one claim in a forum like the federal circuit  and so there would be no detriment to the veteran here for this Court to dismiss the appeal for lack of jurisdiction, let the board in the first instance make the C determination, and then under Joyce, as we've explained in our brief, the veteran can appeal if he loses both the B and the C determination, which may not even be necessary if he prevails at the board. So this Court doesn't need to reach the merits. If the Court were to reach the merits, this case is even easier than the one that the Court heard a moment ago with the Pickett case because the veteran here admitted that the 2004 rating decision was responsive to both of his 2003 statements. And I would point the Court to Appendix 10 where the Veterans Court noted that. It said the veteran admits that there was nothing further the VA could have said as it relates to the 2003 statements. In fact, he conceded at oral argument that the 2004 decision was responsive to both the 2003 decisions. So under Bond and Barreau and 3.156B, if what's required is a direct assessment of new and material evidence, the veteran here admitted that he got that. In fact, his only remaining claim is what Judge Cunningham asked about was this form over substance. And respectfully, Your Honors, that's sort of besides the point here. The reason we have 3.156B is to benefit the veteran and to give the veteran this assessment and determination on the new material evidence, which admittedly happened here. There's nothing else that's required. Had the VA titled its document differently, the same result would be the case here. And so there's really not only no jurisdiction but no error for this Court to consider. Do you agree that the first and second Williams factors have been met and you're just focused on the third Williams factor in terms of your argument? No, Your Honor. I think the third one is very clear. The first one, for example, whether there was a legal clear and final ruling on an issue of law, our argument would be this is the application of rules of law. I understand we've had some discussion on whether that's true or not. And so that's a little more nuanced. The second factor is whether the veteran was been, excuse me, whether adversely affects him. And here, he's not adversely affected by going back down to the board because he can receive all of the benefits that he's seeking on appeal either. But the third one is very clear in this case. And so I think that the Court could rest on that. Thank you. Thank you. Mr. DeHakis, you still have some time. Thank you, Your Honor. So the Veterans Court did say at Appendix 10 that I had admitted that it was technically responsive, and that's the quote. And what was meant by that was, yes, they responded to the evidence. But what was said afterwards, which isn't in the appendix, but what we assert here is that bond requires more than just responding. And as we argued extensively a moment ago, that a supplemental statement of the case is required. It does not form over substance. It is a mandatory obligation. The VA, again, in their own regulations, put upon themselves, will furnish the supplemental statement of the case. And so whether they submitted the supplemental statement of the case we believe is dispositive. And I think that's all we have unless there are not any other questions. We ask that you address the Veterans Court's decision. Thank you. Okay, thank you. Thank counsel for their argument. Cases are submitted. That's the end of the day.